IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEVERO SANCHEZ-DELATORRE, | : | Civil No. 1:19-cv-2160 |
| Petitioner, | : | |
| v. | : | |
| UNITED STATE OF AMERICA, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

On December 20, 2019, Petitioner, Severo Sanchez-Delatorre, an inmate presently confined at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner challenges the calculation of his good time credit; seeking the reinstatement of sixty-two (62) days of good time credit. (Id.) For the reasons set forth below, this action will be transferred to the United States District Court for the Western District of Pennsylvania.

## DISCUSSION

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' 28 U.S.C. § 2242; see also § 2243 .... '[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party

1

detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (emphasis in original) (citations omitted); *Cox v. Holt*, 2009 WL 4015567, at *1-2 (M.D. Pa. 2009).

The United States Supreme Court, interpreting section 2241, has held that the "plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld*, 542 U.S. at 443. Further, the jurisdiction over a petition for a writ of habeas corpus is determined at the time the petition is filed. *See Barden v. Keohane*, 921 F.2d 476, 477 n. 1 (3d Cir. 1990).

Petitioner is challenging his sentence computation with respect to his good time credit. (Doc. 1.) He is currently confined in the Moshannon Valley Correctional Center and filed the instant petition while incarcerated at that facility. The Moshannon Valley Correctional Center is located in Philipsburg, Clearfield County, Pennsylvania. Clearfield County is in the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c). Applying the "district of confinement rule" to this case, the United States District Court for the Western District of Pennsylvania has jurisdiction because Petitioner is currently confined in that district and was confined in that district at the time he filed his habeas petition. *Rumsfeld*, 542 U.S. at 444.

Thus, this Court does not have jurisdiction over the instant habeas petition and the action will be transferred to the Western District of Pennsylvania. *See Tsoukalas v. United States*, 215 F. App'x. 152 (3d Cir. 2007) (providing that jurisdiction over a § 2241 petition filed by a Moshannon Valley inmate rests with the United States District Court for the Western District of Pennsylvania).

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: January 31, 2020